IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| TIMOTHY BROOME, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | NO. 2:05-CV-108-WCO |
| : | |
| IRIDEX CORPORATION, : | |
| : | |
| Defendant. : | |

### ORDER

The captioned case is before the court for consideration of defendant IRIDEX Corporation's motion for an award of costs and attorneys' fees [119-1].

**I.   Background & Procedural History**

Plaintiff, Timothy Broome, filed suit on July 28, 2005 against his former employer, IRIDEX Corporation. Plaintiff asserted claims against defendant for violation of the Age Discrimination in Employment Act ("ADEA"), breach of contract, and unjust enrichment. On February 21, 2006, plaintiff filed a motion for leave to amend his original complaint to strike the claims for breach of contract and unjust enrichment. Defendant consented, and this court granted plaintiff's motion. On March 22, 2006, plaintiff filed his first amended

complaint, which asserted only one claim for violation of the ADEA. On April 10, 2006, defendant filed a motion for summary judgment.

On April 25, 2006, plaintiff filed a motion for leave to file a second amended complaint to assert a claim for retaliation. Plaintiff alleged that on or about March 18, 2006 at a San Francisco trade show, defendant's chief executive officer ("CEO"), Barry Caldwell, told Peter Falzon, the CEO of Ellex, plaintiff's new employer, that plaintiff and defendant were involved in litigation. Plaintiff argued that this comment constituted retaliation in violation of the ADEA. In his May 11, 2006 reply in support of his motion for leave to amend, plaintiff stated that "[a]s a result [of Caldwell's comment], Plaintiff was hired on a *contract* versus a full time employee basis, and paid on a *commission* basis only, with no salary and no medical benefits." (Pl.'s Reply in Support of Mot. for Leave to Amend, p. 11.)

The court denied plaintiff's motion for leave to amend, finding that the proposed retaliation claim would be futile under the then-existing standard. On June 23, 2006, plaintiff filed a motion for reconsideration, citing a recent Supreme Court decision, Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405 (2006), that changed the controlling legal standard for retaliation. On July 14, 2006, the court granted the motion for reconsideration and gave plaintiff

leave to file a second amended complaint asserting a claim of retaliation. The court, however, incorrectly noted that defendant failed to file a response to the motion for reconsideration; defendant's response was filed on July 13, 2006. In reaction to the court's misstatement, defendant filed an emergency motion to vacate the order granting the motion for reconsideration. The court, however, declined to vacate its earlier order, explaining that Caldwell's statement may constitute a retaliatory action under the new <u>Burlington</u> standard and noting that this standard is "fact-intensive and 'depends on the circumstances of the particular case.'" (Docket No. 75, p. 3 (citing <u>Burlington</u>, 126 S. Ct. at 2417)). On July 18, 2006, plaintiff filed his second amended complaint.

On August 11, 2006, the court granted defendant's motion for summary judgment and dismissed plaintiff's ADEA claim. After that point, the only remaining claim was the retaliation claim, the discovery period for which was set to expire on October 10, 2006. On September 14, 2006, plaintiff filed an "emergency" motion for leave to file a third amended complaint. Plaintiff sought to add two additional claims for retaliation: one involving a so-called "cease and desist" letter, in which defendant's counsel advised plaintiff's counsel to warn his client of the potential consequences of making defamatory statements about defendant, and another involving conflicting W-2 forms. The

court, by written order dated October 11, 2006, denied the motion to amend, finding that the proposed claims would be futile and that plaintiff had engaged in bad faith and undue delay in bringing the claims at that stage of the litigation.

On September 15, 2006, defendant's counsel deposed plaintiff. During the deposition, plaintiff explained that around March 2006 Ellex informed him that, although it wanted to hire him, it could not make him a full-time employee until June due to budget limitations. (Pl. Dep., pp. 410-11.) Plaintiff also explained that he was hired as a contractor until June 1, 2006. (Id.)

On October 3, 2006, defendant's counsel deposed Bill Swain, Ellex's President and designated Rule 30(b)(6) representative. Swain confirmed that Ellex had not hired plaintiff as a full-time employee due to budget limitations. (Swain Dep., p. 30.) He also stated that Ellex sent plaintiff a letter stating that he would be hired as a full-time employee on June 1, 2006. (Id.) Within a few days following the Rule 30(b)(6) deposition, Ellex provided to defendant a March 3, 2006 letter signed by Bill Swain that informed plaintiff that he had been chosen to become the company's direct sales representative beginning on June 1, 2006. (Def.'s Mot. for Atty. Fees, Ex. C.)

On October 13, 2006, defendant's counsel sent a letter to plaintiff's counsel requesting that plaintiff dismiss his retaliation claim and threatening to seek

4

sanctions under Rule 11 of the Federal Rules of Civil Procedure if plaintiff did not acquiesce. On October 27, 2006, plaintiff filed a motion for voluntary dismissal with prejudice, seeking to dismiss the sole remaining claim for retaliation. In response to plaintiff's motion, defendant filed the instant motion for attorneys' fees and costs on October 30, 2006. The court granted plaintiff's motion to dismiss on October 31, 2006. The court dismissed the retaliation claim but retained jurisdiction over the case to consider the issue of costs and attorneys' fees. On February 9, 2007, the court set the matter for a hearing and ordered plaintiff and his attorney to show the court that they did not file and pursue the claim of unlawful retaliation in bad faith.

The parties appeared before the court on March 7, 2007. At the close of its argument, defendant requested additional time to submit evidence of its costs and attorneys' fees. The court granted defendant's request and then allotted plaintiff five (5) days to file a response to defendant's evidence. On March 7, 2007, defendant submitted affidavits in support of its motion. Plaintiff filed a response on March 12, 2007. The court will now address both parties' arguments.

## II. Defendant's Motion for Costs & Attorneys' Fees

In addition to seeking an award of costs against plaintiff, defendant is also moving for recovery of attorneys' fees from plaintiff's counsel.[1] Defendant claims that it is entitled to costs as a condition of dismissal due to plaintiff's alleged bad faith in pursuing his retaliation claim. Defendant bases its request for attorneys' fees on allegations of bad faith.

Defendant's theory of recovery of costs against plaintiff is based on Rule 41 of the Federal Rules of Civil Procedure. Defendant argues that the court may condition a party's voluntary dismissal of its claims under this rule upon that party's reimbursement of the opposing party's costs. Rule 41(a)(2) gives the court discretion to order dismissal "upon such terms and conditions as it deems just." FED. R. CIV. P. 41(a)(2). However, conditions such as payment of costs and expenses are usually imposed where dismissal was without prejudice. See, e.g., Sobe News, Inc. v. Ocean Drive Fashions, Inc., 199 F.R.D. 377, 378-79 (S.D. Fla. 2001); Farmaceutisk Lab. Ferring A/S v. Reid Rowell, Inc., 142 F.R.D. 179, 182 (N.D. Ga. 1991). Imposing conditions on the voluntary dismissal of an action ensures that no other party will be prejudiced; such conditions are intended to

---

[1] During the March 7, 2007 hearing on this matter, defendant clarified that it was not seeking an award of attorneys' fees from plaintiff himself – only from plaintiff's counsel.

protect the defendant from duplicative litigation and to promote judicial economy. <u>Versa Prods. v. Home Depot, USA, Inc.</u>, 387 F.3d 1325, 1328-29 (11th Cir. 2004). When this court granted plaintiff's motion for voluntary dismissal, it dismissed the retaliation claim <u>with prejudice</u>. (Doc. No. 120, Oct. 31, 2006 Order). This dismissal acted as an adjudication on the merits; defendant is not in danger of having to relitigate this particular issue. Thus, the court finds it unnecessary to condition its dismissal of plaintiff's retaliation claim on plaintiff's payment of defendant's costs under Rule 41. Nevertheless, defendant may be entitled to costs under a different rule.

Rule 54 of the Federal Rules of Civil Procedure provides that a prevailing party may recover costs other than attorneys' fees unless the court otherwise directs. FED. R. CIV. P. 54(d)(1). Defendant is clearly the prevailing party with respect to the claim for violation of the ADEA, which was dismissed on defendant's motion for summary judgment. Defendant is also the prevailing party with regard to the retaliation claim that the court dismissed with prejudice. As the prevailing party, defendant is entitled to costs as a matter of course under Rule 54(d).[2]

---

[2] In plaintiff's response to defendant's affidavits, plaintiff suggests that the court should decline to award costs because defendant's affidavits do not address its costs. Although the affidavits submitted in support of defendant's motion for costs and attorneys' fees do not state that it is seeking costs,

Defendant bases its request for attorneys' fees from plaintiff's counsel on multiple theories. Defendant first claims an entitlement to an award of attorneys' fees under 28 U.S.C. § 1927. Defendant also requests that the court exercise its inherent authority to sanction plaintiff's counsel. Implicit in this request is a call for the court to sanction plaintiff's counsel under Rule 11. The court has raised the issue of sanctions sua sponte; the court's February 9, 2007 order and notice of hearing on this matter instructed plaintiff's counsel to show cause why he should not be sanctioned for his alleged misrepresentations to the court and bad faith pursuit of a frivolous claim. The court will address each of these possible bases for defendant's requested relief.[3]

---

defendant clearly moved for such relief and, under Rule 54, it is entitled to such relief. Rule 54 does not require the filing of affidavits or other evidence until after the case is closed.

    28 U.S.C. § 1920 enumerates the costs that may be taxed pursuant to Rule 54(d). See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Although defendant has submitted billing statements containing some information regarding costs, defendant has neither specified the amount of costs it is seeking nor provided sufficient information for the court to determine that the various line items included in the billing statements are authorized by § 1920. See, 28. U.S.C. §§ 1920(2) & (4) (allowing for recovery of court reporter or transcript fees and copies "necessarily obtained for use in the case"). Therefore, although the court finds that defendant is entitled to an award of costs, it cannot award defendant relief at this time. Defendant, however, may file a bill of costs with the clerk of court.

    [3] In the court's order setting the hearing on this matter, it indicated that it would consider additional authority under which sanctions might be appropriate. Although defendant's written motion did not specifically request

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This statute is penal in nature and must be strictly construed. Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir. 1997). Three requirements must be satisfied before the court may award sanctions under this statute: (1) the attorney must engage in unreasonable and vexatious conduct; (2) that unreasonable and vexatious conduct must multiply the proceedings; and (3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the costs occasioned by the conduct. Id. at 1396.

For sanctions under § 1927 to be appropriate, something more than lack of merit is required. Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir.

---

attorneys' fees under the ADEA, this statute was mentioned as a possible basis for such an award during the March 7, 2007 hearing. While the Eleventh Circuit has stated that attorneys' fees may be awarded to a prevailing defendant under the ADEA upon a finding that the plaintiff litigated in bad faith, see Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998), the relevant statute addresses recovery of fees from a party, not from the party's attorney. See 29 U.S.C. § 626(b) (stating that the attorneys' fees provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which allows reasonable attorneys' fees to be paid by a party, applies to actions brought under the ADEA). Since defendant is seeking an award of attorneys' fees from plaintiff's counsel only, the ADEA is not a proper basis for such recovery.

2003). The statute was designed to allow the courts to sanction attorneys who "willfully abuse the judicial process by conduct tantamount to bad faith." Id. (internal quotations omitted). The record in this case, however, fails to support a finding that the conduct of plaintiff's counsel in this case meets this standard. Although defendant has revealed that portions of plaintiff's filings are inconsistent with his deposition testimony, defendant has not shown that plaintiff's counsel was aware of the misleading nature of these statements at the time they were presented to the court, and, in fact, plaintiff's counsel has averred that any inconsistencies in plaintiff's filings were unintentional. Unfortunately, clients are occasionally less than candid with their attorneys. It is not clear to the court that plaintiff's counsel was not misled by his own client as to the precise nature of his employment with Ellex at the time Caldwell told Falzon about plaintiff's age discrimination lawsuit.[4]

Defendant argues that plaintiff's counsel should have been on inquiry notice of the truthfulness of his representations to the court by September 15, 2006, at the very latest, after hearing his client's deposition testimony. Plaintiff's deposition testimony does indicate that certain statements in plaintiff's briefs

---

[4] In fact, plaintiff's counsel maintains that his client never informed him of the existence of the March 3, 2006 letter discussing the terms of his employment with Ellex.

were misleading, but the court cannot determine that it clearly establishes that plaintiff's retaliation claim was frivolous. Defendant has not shown any portion of plaintiff's September 15, 2006 testimony that clearly refers to any definite agreement between plaintiff and Ellex prior to March 18, 2006 regarding the nature of his employment relationship with that company. It was not until Swain confirmed the nature of plaintiff's employment status with Ellex and the reasons behind the arrangement and provided the March 3, 2006 letter to defendant that it would have become clear that the statements in the May 11, 2006 reply brief were misleading or false. At that point, defendant sent the Rule 11 "safe harbor letter" to plaintiff's counsel; two weeks later, plaintiff filed his motion for voluntary dismissal.

Furthermore, plaintiff's counsel still maintains that Caldwell's statement to Falzon constitutes unlawful retaliation. He argues that the statement constitutes actionable retaliation under the standard set forth by the Supreme Court in Burlington and, therefore, that he was not acting in bad faith in bringing the retaliation claim on behalf of his client. Plaintiff's counsel maintains that his client had a valid claim; he states that he advised his client to voluntarily dismiss the claim only after weighing the costs of proceeding with the litigation against the potential damages he might recover.

To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in statutorily protected activity; (2) he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the challenged action. Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006). In Burlington, the Supreme Court clarified the scope of Title VII's anti-retaliation provision by explaining what types of actions qualify as "adverse employment actions." In the Court's view, the anti-retaliation provision is not limited to discriminatory actions that affect the terms and conditions of employment. Id. at 2412-13. Rather, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 2415 (internal citations and quotations omitted).

Although it is clear that Burlington represents a change in the law with regard to retaliation under Title VII and the ADEA, the case law applying this new standard for retaliation is not well-developed and certainly was not well-developed in June 2006 when plaintiff's counsel filed the motion for reconsideration of plaintiff's motion to amend his complaint to add the retaliation claim. Plaintiff's counsel argues that despite the fact that Caldwell's

comment has had no impact on his client's employment with Ellex, the comment constituted an adverse action because it would have dissuaded a reasonable person from filing a charge with the EEOC or initiating litigation. While defendant argues that plaintiff cannot establish the adverse action element of his retaliation claim because he suffered no harm or injury as a result of the challenged action, plaintiff's counsel points out that his client feared for the loss of his new job due to the revelation to his new employer that he had sued his former employer for discrimination.

The court declines to comment at this time on the potential success of the legal arguments made by plaintiff's counsel nor does the court consider it appropriate to offer its own opinion as to whether plaintiff's claim was frivolous. However, considering the legal theory and argument advanced by plaintiff's counsel, his pursuit of the retaliation claim certainly does not appear to be so frivolous that it could be considered "tantamount to bad faith." See Schwartz, 341 F.3d at 1125 ("A determination of bad faith is warranted where an attorney <u>knowingly</u> or <u>recklessly</u> pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." (emphasis added)). Having no evidence that plaintiff's counsel was aware that certain statements in filings before the court were misleading or

untrue and finding that counsel's pursuit of the retaliation claim cannot be considered tantamount to bad faith, the court concludes that an award of sanctions against plaintiff's counsel is unwarranted under § 1927.[5]

Defendant does not seek sanctions under Rule 11 of the Federal Rules of Civil Procedure because plaintiff responded to defendant's October 13, 2006 "safe harbor letter" by filing a motion for dismissal within the twenty-one days

---

[5] The court, however, takes issue with certain comments made by plaintiff's counsel both at the March 7, 2007 hearing and in his response and objection to defendant's affidavits. Plaintiff's counsel seems to believe that the misleading statements in the May 11, 2006 reply brief regarding the effect of Caldwell's statement on the nature of plaintiff's employment with Ellex could not be sanctionable even if plaintiff's counsel had knowledge of their falsity. Plaintiff's counsel attempts to downplay the seriousness of this issue by pointing out that this statement was made in a brief and not in the complaint itself. Plaintiff's counsel further argues that the court allowed plaintiff to amend his complaint only after he filed a motion for reconsideration. Thus, plaintiff's counsel maintains that the court did not base its decision allowing the amendment on the false claim contained in the May 11, 2006 reply brief.

The court is concerned by these arguments. Rule 11 is broader than plaintiff's counsel implies; it applies not only to pleadings but also to written motions and "other papers" signed by the attorney and presented to the court. FED. R. CIV. P. 11. Thus, if the court were to make the requisite finding, it could impose sanctions based on statements contained in a reply brief signed by an attorney and submitted to the court. Furthermore, when this court grants a motion for reconsideration, it reconsiders the original motion and all filings submitted in support or opposition thereto. If plaintiff's counsel knew that its earlier brief contained a material misrepresentation, he was obligated to notify the court when he filed his motion for reconsideration. The court is troubled by counsel's trivialization of this matter and cautions him against exhibiting such a cavalier attitude in the future. Allegations that an attorney would make knowing misrepresentations to the court are taken very seriously by this court.

allotted under the Rule. See FED. R. CIV. P. 11(c)(1). The court, however, raised the issue sua sponte in its February 9, 2007 order and notice of hearing. (See Docket No. 129.) As noted in the court's earlier order, the standard the court must employ to impose sanctions on its own initiative is higher than that employed where sanctions are initiated by a party. See Kaplan v. Daimler-Chrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003). The Eleventh Circuit has found this standard to be "akin to contempt." Id. at 1255-56. As the court has already stated, the record does not demonstrate that the conduct of plaintiff's counsel in pursuing his client's claim of retaliation could be considered tantamount to bad faith. Thus, the court finds that it also does not meet the necessary standard to warrant the imposition of Rule 11 sanctions.

The court does possess the inherent power to sanction errant lawyers. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (discussing the federal court's "power to control admission to its bar and to discipline attorneys who appear before it"). The court, however, must "exercise caution in invoking its inherent power." Id. at 50. Therefore, "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct 'constituted or was tantamount to bad faith.'" Thomas v. Tenneco Packaging Co., 293 F.3d 1306, 1320 (11th Cir. 2002) (quoting Durrett v. Jenkins Brickyard,

Inc., 678 F.2d 911, 918 (11th Cir. 1982)). "A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (internal quotations omitted). The court has not found evidence that plaintiff's counsel pursued this litigation in bad faith. Thus, the court declines to exercise its inherent powers to sanction plaintiff's counsel.

There is some indication of abuse in this litigation. Despite the obvious bitterness between the parties' lawyers, the real problem appears to be plaintiff. The record indicates that he pursued this litigation with an improper motive,[6] attempted to unnecessarily prolong the litigation by amending his complaint to raise frivolous claims,[7] and withheld relevant information from his own attorney.[8] Furthermore, though the record contains no evidence that plaintiff's

---

[6] Plaintiff indicated that he wanted to "continue suing [defendant] until [its] stock goes down." (Pl.'s Dep. at 563-64.)

[7] In denying plaintiff's motion for leave to file a third amended complaint, the court noted that "concerns about bad faith and undue delay . . . played a role in its decision." (Doc. No. 114 at 8.)

[8] Plaintiff's counsel maintains that his client never informed him of the precise nature of his employment relationship with Ellex or of the existence of the March 3, 2006 letter detailing plaintiff's agreement with Ellex. (Pl.'s Resp. to Def.'s Mot. for Costs and Fees at 8 n. 7; Pl.'s Resp. to Def.'s Affs. at 18 n. 23, 20.)

counsel knew the statements in the May 11, 2006 reply brief were false or misleading at the time they were presented to the court, plaintiff was certainly aware of their inaccuracy. Nevertheless, defendant is seeking recovery of its attorneys' fees against plaintiff's counsel, but there is no evidence to establish that this award is warranted under the appropriate standards. Accordingly, defendant's motion is hereby **DENIED**.

### III.   Conclusion

Although the court has already dismissed all claims against defendant, it retained jurisdiction to consider defendant's motion for costs and attorneys' fees. Defendant's motion is hereby **DENIED**. All outstanding motions having been addressed, the court now **DIRECTS** the clerk to enter judgment in this case in favor of defendant. This order does not preclude defendant from submitting a bill of costs to the clerk in accordance with the Local Rules of this court and 28 U.S.C. § 1920.

IT IS SO ORDERED, this 29th day of March, 2007.

s/ *William C. O'Kelley*
WILLIAM C. O'KELLEY
Senior United States District Judge